IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY WYATT,

        Petitioner,

v.                                    CIVIL ACTION NO. 1:05CV30
                                      CRIMINAL ACTION NO. 1:02CR36-2

                                      (Judge Keeley)

UNITED STATES OF AMERICA,

        Respondent.

## ORDER DISMISSING §2255 MOTION

Before the Court is a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, filed by the petitioner, Anthony Wyatt ("Wyatt"), on February 18, 2005. The Court referred this matter to Magistrate Judge John S. Kaull in accordance with Local Rule of Prisoner Litigation 83.15 for preliminary review. On March 1, 2006, Magistrate Judge Kaull issued a Report and Recommendation, recommending that the Court deny Wyatt's motion. On March 13, 2006, Wyatt filed objections to the Magistrate Judge's recommendation. For the following reasons, the Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Wyatt's motion.

On September 12, 2002, Wyatt pled guilty to distribution of crack cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). On January 13, 2003, the Court sentenced him to 168 months of imprisonment.

In his § 2255 motion, Wyatt asserts that his present sentence should be vacated and that he should be resentenced in light of

## ORDER DISMISSING §2255 MOTION

Blakely v. Washington, 124 S. Ct. 2531 (2004). The Magistrate Judge
concluded that Wyatt's motion was untimely because it was not filed
within one year of the date on which his judgment of conviction
became final in accordance with 28 U.S.C. §2255(1). Furthermore,
Magistrate Judge Kaull observed that Wyatt is not entitled to have
the decision in Blakely or United States v. Booker, 543 U.S. 220
(2005)applied retroactively to his sentence, and, therefore, his
motion was also not timely under subsection (3) of 28 U.S.C. §2255.
In his objections, Wyatt stated that he was never informed or made
aware of the one-year limitation period in which to file a §2255
motion by his counsel.

In his §2255 motion, Wyatt only asserts that he should be
resentenced in light of the decision in Blakely. However, the Court
sentenced Wyatt in January, 2003, over a year before the Supreme
Court decided Blakely in June, 2004. Thus, the primary issue raised
by his motion is whether the Blakely decision applies retroactively
to sentences on collateral review.

In Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va.
2004), the United States District Court for the Western District of
Virginia addressed the retroactivity of Blakely and found that even
if the Supreme Court held that the federal guidelines violated the
Sixth Amendment, such ruling would not apply retroactively to cases

**WYATT v. UNITED STATES**          **Civil Action No. 1:05cv30**
                                                      **Criminal Action No. 1:02CR36-2**

**ORDER DISMISSING §2255 MOTION**

on collateral review. Moreover, in a published opinion, this Court

concluded that neither <u>Blakely</u> nor <u>Booker</u> has retroactive effect.

<u>Daniel v. United States</u>, Nos. 1:04CV154 & 1:03CR3, 2005 U.S. Dist.

LEXIS 11509 (N.D. W. Va. June 10, 2005).  Accordingly, the Court

**ADOPTS** the Magistrate's recommendation, **DENIES** Wyatt's § 2255

motion and **DISMISSES** his motion **WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the
petitioner and her counsel.

Dated: May _____ *11* _____, 2006.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE